### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TSM ASSOCIATES, LLC, an Oklahoma limited liability company,<br><br>                  Plaintiff,<br><br>vs.<br><br>TRACTOR SUPPLY COMPANY, a Delaware Corporation,<br><br>                  Defendant. | Case No. 08-CV-230-JHP-FHM |

## OPINION AND ORDER

Defendant's Motion to Stay Rule 26(f) Conference, Initial Disclosures and Discovery [Dkt. 11] and Plaintiff's Application for Leave of Court to Take the Deposition of Clay Teter [Dkt. 14] are before the undersigned United States Magistrate Judge for decision.

Defendant argues that a stay of all discovery activities should be granted during the pendency of its Motion to Dismiss. Defendant argues that this action is justified because it will avoid unnecessary expenses related to discovery. Staying discovery during the pendency of a motion to dismiss is not the usual course. Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests. *See e.g. Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(to obtain a stay, the movant must make out a clear case of hardship or inequity in being required to go forward). Aside from the usual burdens of discovery present in every case, Defendant has not presented any reason to justify staying discovery. Further, Defendant has not argued that discovery in this case will be overly burdensome. Defendant's Motion to Stay Rule 26(f) Conference, Initial Disclosures and Discovery [Dkt. 11] is DENIED.

Plaintiff seeks leave of court to take the deposition of Clay Teter in advance of filing its response to Defendant's pending motion to dismiss. Plaintiff asserts its belief that Mr. Teter's testimony will defeat the statute of frauds defense upon which the motion to dismiss is based. The Court finds that Plaintiff has demonstrated good cause to take the deposition of Mr. Teter in advance of the parties' Fed.R.Civ.P. 26(f) discovery conference. Therefore, in accordance with the charge contained in Fed.R.Civ.P. 1 to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding," Plaintiff should be permitted to take Mr. Teter's deposition.

Plaintiff's Application for Leave of Court to Take the Deposition of Clay Teter [Dkt. 14] is GRANTED. Since the deposition is being permitted to enable Plaintiff to respond to the motion to dismiss, the deadline for Plaintiff's response must be extended. Currently Plaintiff's response is due on June 16, 2008. That date is extended by three weeks to July 7, 2008. The date for the reply brief is extended to July 21, 2007.

## Conclusion

Defendant's Motion to Stay Rule 26(f) Conference, Initial Disclosures and Discovery [Dkt. 11] is DENIED.

Plaintiff's Application for Leave of Court to Take the Deposition of Clay Teter [Dkt. 14] is GRANTED.

The deadlines for briefing related to the pending motion to dismiss [#9] are extended, as follows: Plaintiff's response brief is due on or before July 7, 2008. Defendant' reply brief is due on or before July 21, 2008.

SO ORDERED this 11th day of June, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2