IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TSM ASSOCIATES, LLC, an Oklahoma Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-230-JHP-FHM |
| TRACTOR SUPPLY COMPANY, a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Before the Court are Defendant Tractor Supply Company's Motion to Dismiss and Brief in Support [Docket No. 9]; Plaintiff TSM Associates, LLC's Response in Objection and Brief in Support [Docket No. 24]; and Defendant's Reply to Plaintiff's Response in Objection [Docket No. 25]. For the foregoing reasons Defendant's Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff, TSM Associates, LLC ("TSM"), and Defendant, Tractor Supply Company ("Tractor Supply"), entered into a lease of real property dated June 30, 2005. The property, located in Miami, Oklahoma, was an old grocery store that TSM purchased and remolded for use as a Tractor Supply retail store. A dispute arose regarding the leased premises which resulted in previous litigation between these two parties in *TSM Associates, LLC v. Tractor Supply Company*, Case No. 07-CV-203-JHP-FHM. In the previous litigation, TSM alleged that (1) after TSM relied on Pre-Purchase Specs to close the purchase of the old grocery store, Tractor Supply made $112,343.23 worth of changes to its Pre-Purchase Specs, which were actually change orders that Tractor Supply

1

refused to pay for; (2) the lease should be reformed because the parties only intended the legal description of the leased property to include Tract 1, not both Tract1 and Tract 2, as described in the lease; and (3) Tractor Supply's continuous use of land owned by TSM to park, store, and stack merchandise and equipment constituted trespass. Through mediation, the parties reached a settlement agreement regarding the claims in the previous litigation, in which the parties agreed to modify certain aspects of the real property lease. The settlement agreement was reduced to writing, however, it was never signed by Tractor Supply.

The current litigation was initiated when TSM filed suit against Tractor Supply alleging four causes of action. First, TSM claims Tractor Supply breached the settlement agreement reached in the previous litigation. Specifically, TSM states that Tractor Supply failed to execute a modification of the lease agreement, failed to execute and record a modified Memorandum of Lease, and failed to move its equipment from Tract 2 to the agreed upon relocation area. TSM's second cause of action is for tortious interference with contractual relations based on Tractor Supply's refusal to release Tract 2 of the property. TSM had contracted to sell the Tract to a third party and claims Tractor Supply's interference in TSM's contract was malicious, wrongful, unjustified, inexcusable and not privileged. Third, TSM alleges tortious interference with prospective economic advantage based on essentially the same reasons as the contractual interference claim. Finally, TSM alleges Tractor Supply breached its duty of good faith and fair dealing.

Tractor Supply filed the instant motion to dismiss seeking dismissal of all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tractor Supply claims that the settlement agreement was a modification of a lease of real property, and thus required to be in writing and signed by the party to be charged in order to be enforceable. Because Tractor Supply

never signed the agreement, it claims the agreement is unenforceable under the statute of frauds. Tractor Supply states that all of TSM's other claims are wholly dependent on the breach of the settlement agreement claim and, since the agreement is unenforceable, the other causes of action fail as a matter of law.

## DISCUSSION

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Ridge at Redhawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In order to survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007). This does not mean the factual allegations themselves must be plausible, rather it means that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).
A complaint that omits some necessary facts may still satisfy this requirement "so long as the court can plausibly infer the unarticulated assumptions." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). The factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.

Additionally, the Tenth Circuit has stated that the degree of specificity necessary to establish plausibility and fair notice in a complaint depends on the context of the case. *Robbins,* 519 F.3d at 1248. For example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while

3

crossing a particular highway on a specified date and time." *Id.* Therefore, the Court will analyze each cause of action in its proper context.

**1. Breach of Settlement Agreement**

Under Oklahoma law, contracts for the lease real property for more than one year are subject to the statute of frauds, and must be in writing and signed by the party to be charged in order to be enforceable. 15 O.S. Supp. 2003 § 136. There are, however, several well recognized exceptions to the statute of frauds. Partial performance by one of the parties to the agreement is one such exception that removes agreements from the provisions of the statute of frauds.[1] *Clairborne v. Clairborne*, 467 P.2d 157, 158 (Okla. 1970). A party's alteration of its position pursuant to the contract making restoration to their former positions impossible or impractical constitutes partial performance sufficient to remove an oral contract for the sale of land from the statute of frauds. *Sohio Petroleum Co. v. Brannan*, 235 P.2d 279, 285 (Okla. 1951). Similarly, when conduct of one of the parties would cause enforcement under the statute "to inflict unjust and unconscientious injury or loss upon the other party," the contract is removed from the statute of frauds. *Id.*

In this case, TSM's Complaint admits that Tractor Supply never signed the settlement agreement, which called for a modification of the real property lease. (Compl. at 26.) TSM further states it has completed all its obligations under the terms of the settlement agreement, but Tractor

---

[1] TSM's Response in Objection to Defendant's Motion to Dismiss sets forth three additional exceptions to the statute of frauds that it believes are applicable: (1) the judicial admission exception; (2) equitable estoppel; and (3) promissory estoppel. However, because the Court finds that the partial performance exception alleged in the Complaint sufficiently states a claim for relief which is plausible, it is unnecessary to address additional exceptions for the purpose of ruling on the instant motion.

Supply has failed to perform three of its obligations. (Compl. at 27-28.) Thus, TSM's Complaint recognizes a statute of frauds problem, but indicates that it is entitled to relief under the partial performance exception. While not stated in the Complaint, TSM's Response Brief lists the specific actions taken which TSM considers to be its performance under the contract.[2] TSM's brief also states that its performance is sufficient to remove the contract from the statute of frauds because it would be impossible to return the parties to the status quo and that enforcement of the agreement would be unjust and unconscionable.

Plaintiff's claim for breach of the settlement agreement is plausible on its face and rises above the speculative level. Tractor Supply has been put on notice as to the reasons why TSM believes Tractor Supply is in breach of the agreement, and why TSM doesn't believe the statute of frauds bars enforcement of the agreement. Although TSM does not set forth every fact required to succeed on its breach of settlement agreement claim at trial, it is not required to at this point. There are enough factual allegations to give Tractor Supply fair notice of the allegations against it. This is especially true given the context of this cause of action, a breach of a settlement agreement in which Tractor Supply was the other party.

**2. Tortious Interference with Contractual Relations**

In order to prevail on a claim for tortious or wrongful interference with a contract, a plaintiff must show (1) that he had a business or contractual right which was interfered with; (2) that the interference was malicious and wrongful, and that it was neither justified, privileged nor excusable; and (3) that the damage was proximately sustained as a result of the complained-of interference.

---

[2] It may be appropriate for courts to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they are consistent with the theories and facts stated in the complaint. *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001).

*Mac Adjustments, Inc. v. Property Loss Research Bureau*, 595 P.2d 427, 428 (Okla. 1979). In its Complaint, TSM's alleges that: it had a contract with a third party to sell certain real property that Tractor Supply had agreed to release; Tractor Supply knew of this contract; interfered by refusing to release the property in question; caused TSM damages as a result of the interference; and the interference was malicious, wrongful, unjustified, inexcusable and not privileged. These allegations, which the Court considers to be true for the purposes of this motion, clearly set forth a claim for relief which is plausible on its face. If these alleged facts can be proven true at trial, TSM would be entitled to relief. The Court is not required to launch into a deeper analysis of TSM's claim in order to rule on the instant motion.

**3. Tortious Interference with Economic Advantage**

"The essential elements of a claim for intentional interference with prospective economic advantage are the existence of a valid business relation or expectancy, knowledge of the relationship or expectancy on the part of the interferer, an intentional interference inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the party whose relationship has been disrupted." *Boyle Services, Inc. v. Dewberry Design Group, Inc.*, 24 P.3d 878, 880 (Okla. Civ. App. 2001) *quoting Lakeshore Community Hosp. v. Perry*, 538 N.W.2d 24, 27 (Mich.App. 1995). The elements for this cause of action are substantially similar to the elements required for tortious interference with contractual relations. Based on the same factual allegations discussed in the previous section, TSM's complaint sufficiently states a plausible claim for relief based in tortious interference with economic advantage.

**4. Breach of the Duty of Good Faith and Fair Dealing**[3]

Under Oklahoma law, there is an implied duty of good faith and fair dealing in every contract. *Keel v. Titan Const. Corp.*, 639 p.2d 1228, 1232 (Okla. 1981). However, "[i]n ordinary commercial contracts, a breach of that duty [good faith and fair dealing] merely results in damages for breach of contract, not independent tort liability." *Wathor v. Mutual Aassur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004). The Court must determine whether TSM has alleged sufficient factual allegations to support a claim for breach of the duty of good faith and fair dealing considering this context.

TSM has failed to allege any facts that plausibly state a claim for relief based on the breach of good faith and fair dealing. Because independent tort liability normally does not arise from a breach of ordinary commercial contract, TSM must allege some factual basis that makes such a claim appropriate in this case. TSM's Complaint alleges no facts to suggest that either the settlement agreement reached in the previous litigation or the original lease amounted to anything other than an ordinary commercial contract. Although, TSM claims it has a "special relationship" to Tractor Supply, it does not further expand on what kind of a special relationship it is referring to. Similarly, TSM's Response Brief offers no further explanation of what type of special relationship exists between the parties that would give rise to independent tort liability for the alleged breach of contract. From a reading of the Complaint and the Response Brief, the Court is unable to plausibly

---

[3] TSM's Complaint appears to be claiming a breach of the duty of good faith and fair dealing stemming from Tractor Supply's alleged breach of the settlement agreement. TSM's Response Brief, however, claims the breach arises from the Tractor Supply's breach of the settlement agreement and the real property lease agreement. For the purposes of this motion only, the Court construes TSM's complaint as alleging a cause of action based on both agreements and finds that it failed to sufficiently state a claim based on either agreement.

infer the unarticulated assumptions made by TSM which are necessary to plausibly state a cause of action. As a result, TSM has not elevated its claim to a right to relief above the speculative level.

**5. Attorney Fees**

Finally, TSM requests attorney fees and costs incurred in responding to Tractor Supply's motion. Although Tractor Supply's motion was denied in part, the Court finds that attorney fees should not be awarded to TSM.

## CONCLUSION

For the reasons set forth above, Tractor Supply's Motion to Dismiss is DENIED as to the causes of action for (1) breach of the settlement agreement, (2) totious interference with contractual relations; and (3) tortious interference with prospective economic advantage; and is GRANTED for the cause of action for breach of the duty of good faith and fair dealing.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma